**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>YORMAN GARCIA,<br><br>                Defendant. | Criminal Action No. 24-00148 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Defendant Yorman Garcia's ("Garcia" or "Defendant") motion for early termination of supervised release. (ECF No. 4.) The United States of America ("Government") responded but did not oppose. (ECF No. 6.) The Court has considered the parties' submissions as well as the U.S. Probation Office ("Probation") response of non-opposition and decides the motion without oral argument pursuant to Local Civil Rule 78.1(b), which applies to criminal cases pursuant to Local Criminal Rule 1.1. For the reasons set forth below, Defendant's motion is **GRANTED**.

## I.   BACKGROUND

On March 16, 2022, Garcia pled guilty in the United States District Court for the Southern District of New York to one count of Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846; 21 U.S.C. § 841(b)(1)(B). (J. of Conviction, ECF No. 2-2.) Defendant was sentenced to forty (40) months in prison, followed by four years of supervised release. (*Id*. at 2–3.) Defendant's supervised release began on December 21, 2023, and will end on December 20, 2027. (Transfer of Jurisdiction, ECF No. 1.) On March 6, 2024, the jurisdiction for Defendant's

supervised release was transferred from the Southern District of New York to the United States District Court for the District of New Jersey. (*Id.*)

On March 9, 2026, Garcia filed the instant motion for early termination of supervised release. (ECF No. 4). On March 19, 2026, Probation submitted a response of non-opposition to Defendant's motion. On March 23, 2026, the Government filed a response stating that it did not object to Defendant's motion. (ECF No. 6). This matter is now ripe for consideration.

## II.    **LEGAL STANDARD**

Granting a motion for early termination of supervised release is committed to the Court's discretion. *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). The Court, likewise, has "broad discretion to consider all relevant information" in ruling on an early termination motion. *Concepcion v. United States*, 597 U.S. 481, 491 (2022).

Under 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release if, after reviewing factors listed in 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The 18 U.S.C. § 3553(a) factors the Court must consider are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*Melvin*, 978 F.3d at 52 (quoting *United States v. Davies*, 746 F. App'x 86, 88–89 (3d Cir. 2018)). The Court need not "make specific findings of fact with respect to each of these factors." *Id*. at 52–53. Rather, a statement that the Court has considered the factors is sufficient. *Id*. at 53. Further,

2

as the Third Circuit clarified, the Court need not find an exceptional or extraordinary circumstance to grant early termination. *See id*. Nor is it a requirement that the defendant present a new or unforeseen occurrence that arose since the original sentencing. *Id*. "In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not *necessary* for such termination." *Id*. (emphasis in original).

### III.    **DISCUSSION**

Having reviewed the § 3553(a) factors, Defendant's conduct, and the interests of justice, the Court concludes early termination of Defendant's supervised release is warranted.

Defendant sets forth several reasons that early termination is appropriate in his case. He explains that he has maintained stable, gainful employment, complied with the conditions of his supervised release without any violations, satisfied all his financial obligations, and demonstrated full rehabilitation and a commitment to his family. (Def's Mot. at 2, ECF No. 4.)

The Government does not oppose Defendant's motion. (*See generally* Gov't's Resp., ECF No. 6.) The Government recognizes that Defendant has maintained a steady residence and gainful, full-time employment and has complied with the terms of his supervised release. (*Id*. at 1.) Defendant is enrolled in Probation's lowest level of supervision due to his conduct while on supervised release. (*Id*.) The Government, therefore, states that it does not object to Defendant's motion seeking early termination of supervised release. (*Id*. at 2.)

In its response, Probation acknowledges that, in addition to the defendant's compliance with all conditions of supervised release, a review of his criminal history shows that Defendant has not committed a sex offense, engaged in terrorism, nor met the criteria for a career drug offender or career criminal as described in 28 U.S.C. § 994(h) (Prob.'s Resp. at 2). Further, Defendant's Probation Officer describes him as "a hard-working individual who shows ability to

self-regulate and develop post-supervision." (*Id*.) Probation submits that Defendant appears to meet the criteria for early termination.

The Court agrees with Defendant and Probation that early termination is warranted in this case. "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Based on the record, the Court is satisfied that Defendant has transitioned to community life. Defendant has maintained steady housing and employment, complied with all conditions of his supervised release, and established himself as a productive member of his community. The Court therefore concludes that the rehabilitative purposes of supervised release have been achieved and that terminating supervised release at this juncture is in the interests of justice. Accordingly, Defendant's motion is granted.

## IV.   **CONCLUSION**

For the foregoing reasons, Defendant's motion for early termination of supervised release (ECF No. 4) is **GRANTED**. An appropriate Form of Order accompanies this Opinion.

**DATED**:     5/8/2026

_____
**JULIEN XAVIER NEALS**
**United States District Judge**

4